UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-CV-21926-ALTMAN/LETT

IN RE:

APPLICATION OF
ORO NEGRO PRIMUS PTE. LTD.,
ORO NEGRO LAURUS PTE. LTD.,
ORO NEGRO FORTIUS PTE. LTD.,
ORO NEGRO DECUS PTE. LTD.,
ORO NEGRO IMPETUS PTE. LTD., and
ORO NEGRO DRILLING PTE. LTD.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

**Petitioners.**

_____/

## PETITIONERS' MOTION TO SUPPLEMENT THE RECORD

Petitioners Oro Negro Primus Pte. Ltd., Oro Negro Laurus Pte. Ltd., Oro Negro Fortius Pte. Ltd., Oro Negro Decus Pte. Ltd., Oro Negro Impetus Pte. Ltd., and Oro Negro Drilling Pte. Ltd. file this Motion to Supplement the Record.[1] The supplemental evidence is being filed in support of Petitioners' Ex Parte Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (DE #1) and Petitioners' Motion for Leave to Take Expedited Discovery and File a Motion to Disqualify (DE #24), which has been fully-briefed as of September 30, 2024.

---

[1] Petitioners filed a Notice of Supplemental Authority and Evidence (DE 35) on December 10, 2024. Quinn Emanuel objected to the Notice of Supplemental Authority as being over the 200-word limit permitted under the local rules and advised they intended to file a motion to strike. Since the documents attached are not technically supplemental legal authorities but are instead additional evidence for the Court to consider, the Petitioners agreed to refile their evidence in this Motion to Supplement the Record and to formally withdraw the Notice of Supplemental Authority.

1

The attached Court decisions show: (1) the recent disqualification of Respondent Quinn Emanuel in the Oro Negro-related proceeding pending in New York, and (2) the recent dismissal and final judgment against some of the Individual Respondents represented by Quinn Emanuel in the Oro Negro-related NAFTA International Arbitration. The attached bank statements were obtained by the intervenor from the liquidator in the Mexican bankruptcy proceeding and provided to Mexican counsel for the Petitioners to show the improper transfers of millions of dollars out of Petitioners' Oro Negro Drilling's bank account in Mexico by some of the Individual Respondents that were sent to Quinn Emanuel and other destinations in the U.S.

### Exhibit A – New York Disqualification Order Against Quinn Emanuel

After the disqualification of Quinn Emanuel by Judge Rebull in Miami-Dade County Circuit Court on October 5, 2023, for violating Florida Rule of Professional Conduct 4-1.7(a), which prohibits attorneys from representing existing clients with conflicting interests, Quinn Emanuel refiled a nearly-identical case in New York. On October 28, 2024, Judge Gerald Lebovits of the Supreme Court of the State of New York, New York County entered an order again disqualifying Quinn Emanuel as counsel to Gonzalo Gil White, Jose Antonio Cañedo White, and Maria Clara Lloreda in the matter they brought against the Oro Negro bondholders in the case *Gil-White, Gonzalo et al. vs. Alterna Capital Partners, LLC et al.*, Index No. 655864/2023 (Sup Ct, NY County 2023) (DE 163).

The New York Court found that after Quinn Emanuel was disqualified by the Court in Florida, Quinn Emanuel "**sent AMA a letter denying the existence of an attorney-client relationship and purporting to terminate such relationship. . . . This evidence, taken together, strongly suggests that Quinn Emanuel's attempt to end its relationship with AMA, plaintiffs'**

2

**voluntary dismissal of the Florida action, and plaintiffs' immediate refiling of the same action in New York, was an effort to avoid application of the current-client rule for assessing conflicts of interest—and thereby ward off Quinn Emanuel's disqualification. This court declines to permit plaintiffs and their counsel to skirt around New York's Rules of Professional Conduct in this manner."** *See* Exhibit A at 2.

This decision is relevant to both the pending Motion for Leave to Take Expedited Discovery and File a Motion to Disqualify and Petitioners' Ex Parte Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782. At the status conference hearing before this Court on July 30, 2024, Petitioners explained the conflict issue that Respondent Quinn Emanuel was facing in this case and advised the Court that Quinn Emanuel had been recently disqualified by Judge Rebull in a related Oro Negro case, had dismissed their case in Florida, and refiled the same complaint in New York:

> MR. FRIDMAN: And then the other piece of context on disqualification, before we move off of it, is Quinn Emanuel was recently disqualified by Judge Rebull in a case -- separate case that Quinn filed against Banco -- bondholders here in the Southern District of Florida in a complaint that's very similar to the one I handed up to Your Honor. And he disqualified them from that case because they were suing a current client, a company called AMA Capital Partners, which was an adviser –
>
> THE COURT: Well, was it related to this whole thing?
>
> MR. FRIDMAN: It was related to this, yes.
>
> THE COURT: And that case was filed, what, in state court, that's why he got it?
>
> MR. FRIDMAN: In state court, yes. The disqualification order was from October 20, 2023. I can hand it up if you'd like.
>
> THE COURT: But that was a state court case that has not been removed here.

3

MR. FRIDMAN: It was not removed. They -- after the disqualification, Quinn voluntarily dismissed the case, and then refiled the almost identical case in New York state court.

THE COURT: And what happened there?

MR. FRIDMAN: It's pending. The disqualification issue is pending, again, in front of a New York state judge. And then down here, there's some additional proceedings with Judge Rebull where –

THE COURT: Are they the same parties?

MR. FRIDMAN: Very –

THE COURT: Wouldn't there be a res judicata problem?

Hearing Transcript (Motion for Leave to Take Expedited Discovery Exhibit B).

The Court order from New York that is attached as Exhibit A to this Motion to Supplement the Record shows this Court that Quinn Emanuel was disqualified once again, and in doing so, the Court noted Quinn Emanuel's attempt to skirt around the New York Rules of Professional Conduct. The New York Disqualification Order also completes the factual background described on Pages 25 and 26 of the Section 1782 Petition, which describes Quinn Emanuel's disqualification in the Florida case and the subsequent refiling of a nearly identical case in New York.

### Exhibit B – Bank Statements from Scotiabank Mexico

Petitioners' Mexican counsel has obtained through the Mexican bankruptcy proceeding bank statements from Scotiabank Inverlat de México S.A. ("Scotiabank Mexico") showing the improper transfer on October 6, 2017 of USD $19,269,000.00 from Petitioner Oro Negro Drilling's bank account by Respondent Gonzalo Gil White—after he had been replaced as a director and representative—to an account at the same bank in the name of an affiliate company, Perforadora Oro Negro S. de R.L. de C.V. ("Perforadora").

The statements show that out of the USD $19 million improperly transferred, USD $8,488,666.73 was sent to Respondent Quinn Emanuel from Perforadora's bank account, in three

4

separate transfers on April 19, May 3, and June 25, 2018. The largest transfer of USD $6 million to Quinn Emanuel was made on June 25, 2018, which was six days after Quinn Emanuel filed the NAFTA Arbitration proceeding for which we now have a final decision that is attached as Exhibit C and described below.

The attached bank statements also show that out of the MXN 251,197,387.97 in funds released by the Mexican bankruptcy court for Perforadora to pay the value added tax ("VAT" or "IVA") in Mexico, MXN $160,212,999.97—more than USD $8 million at the time of the transaction—was diverted on September 27, 2018 into Perforadora's bank account at U.S. Bank in the United States.

The bank statements attached as Exhibit B are relevant to the pending Motion for Leave to Take Expedited Discovery and File a Motion to Disqualify and to Petitioners' Ex Parte Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782. First, the bank statements show that Quinn Emanuel did in fact receive $8 million from Perforadora, which is traceable from the $19 million received from the bank account of Petitioner Oro Negro Drilling. Here is what Petitioners wrote in the Section 1782 Petition about these transfers:

> In the interim, Petitioners have identified at least **USD $19,269,000.00** that was improperly transferred out of Petitioner Oro Negro Drilling's bank account at Scotiabank Inverlat de México S.A. by Respondent Gil White on October 6, 2017—after he had been replaced as a director and representative—to an account at the same bank in the name of an affiliate company, Perforadora Oro Negro S. de R.L. de C.V. ("Perforadora"). At least **USD $8,488,666.73** of that amount was subsequently transferred from Perforadora to Respondent Quinn Emanuel in three separate transfers:
>
> (1) April 19, 2018 for **USD $1,000,000.00**;
>
> (2) May 3, 2018 for **USD $1,488,648.73**; and
>
> (3) June 25, 2018 for **USD $6,000,018.00**.
>
> These funds were evidently used by Quinn Emanuel to fund years of litigation attacking the Bondholders to benefit Gil White and to fund a separate

5

NAFTA arbitration against Mexico, not to benefit the Rig Owners or Oro Negro Drilling. In fact, the most recent lawsuit brought by Quinn Emanuel against the Bondholders in Miami-Dade County was voluntarily dismissed by Quinn Emanuel following the firm's disqualification by Judge Thomas Rebull because Quinn Emanuel sued one of its own present clients. In effect, Quinn Emanuel has been using millions of dollars of the Bondholders' own funds to sue them.

Section 1782 Petition (DE # 1) at 3-4 (Footnotes omitted).

The following portion of the bank statements attached as Exhibit B shows the $19 million received into Perforadora's account on October 6, 2017 from Petitioner Oro Negro Drilling's account:

| Fecha | Concepto | Origen / Referencia | Depósito | Retiro | Saldo |
|---|---|---|---|---|---|
| 06 OCT | SEL TRASPASO ENTRE CUENTAS Traspaso Fondos 496053 12:25:25 | 7001 B101 61017 | $19,268,000.00 | | $27,642,085.90 |

The following portions of the bank statements show the $8 million paid to Quinn Emanuel in three separate transfers:

| Fecha | Concepto | Origen / Referencia | Depósito | Retiro | Saldo |
|---|---|---|---|---|---|
| 19 ABR | TRASPASO INTERNACIONAL IMPORTE TRANS. INTL. SEL 1804190148-665181553 QUINN EMANUEL URQUHART AND SUL Legal Fees Retainer | 7001 XX39 | | $1,000,000.00 | |
| 03 MAY | TRASPASO INTERNACIONAL IMPORTE TRANS. INTL. SEL 1805030217-210032347 QUINN EMANUEL URQUHART AND SUL Legal Fees | 7001 XX39 | | $1,488,648.73 | $2,930,818.30 |
| 25 JUN | TRASPASO INTERNACIONAL IMPORTE TRANS. INTL. SEL 1806250129-665181553 QUINN EMANUEL URQUHART AND SUL Legal reserve | 7001 XX39 | | $6,000,018.00 | |

In addition to being relevant to the Section 1782 Petition, these statements are relevant to the issue of disqualification to show that Petitioner Oro Negro Drilling's funds were ultimately used by Gil White to pay for the legal fees of Quinn Emanuel on behalf of Gil White, Perforadora, and the Petitioners.

Second, the bank statements also show that an additional $8 million that was supposed to be used to pay for VAT in Mexico was diverted to an account in the United States, as Alonso Del Val Echevarria, one of Respondent Gonzalo Gil White's former associates, told prosecutors in Mexico:

> **I am aware that PERFORADORA Oro Negro S. de R.L. de C.V., from the bankruptcy file 345/2017 in the index of the Second District Court of Civil Matters in Mexico City, in November last year [2018], requested an amount close to 250 million pesos from the trust accounts to pay Value Added Tax due. However, on instructions from GONZALO GIL WHITE, these resources were not used to be paid to the federal treasury but were used for other purposes.**"

Del Val Echeverria explained that the funds were transferred **"[t]o an account of PERFORADORA Oro Negro S. de R.L. de C.V., in the United States of America, apparently of the US BANK."** Section 1782 Petition (DE # 1) at 4-5, 15-17, 24 (Footnotes omitted).

The following portions of the bank statements show the $8 million that was transferred to the U.S. Bank account as described by Del Val Echevarria:

| 27 SEP | 2do traspaso PON SB a PON USA<br>TRASPASO INTERNACIONAL<br>IMPORTE TRANS. INTL. SEL<br>1809270256-104793255431<br>PERFORADORA ORO NEGRO S DE RL | 7001 XX39 | | $2,034,108.00 |
|---|---|---|---|---|
| 27 SEP | 2do traspaso PON SB a PON USA<br>TRASPASO INTERNACIONAL<br>IMPORTE TRANS. INTL. SEL<br>1809270079-104793255431<br>PERFORADORA ORO NEGRO S DE RL<br>270918 | 7001 XX39 | | $6,056,308.18 |

As a result, these bank statements are relevant to both the pending Motion for Leave to Take Expedited Discovery and the Section 1782 Petition and Petitioners should be allowed to supplement the record with them.

**Exhibit C – Final Award Dismissing NAFTA Arbitration Brought by Quinn Emanuel and Some of the Individual Respondents Against the United Mexican States**

On June 19, 2018, Respondents Jose Antonio Cañedo White, the Estate of Carlos Williamson Nasi and others—with Quinn Emanuel acting as their counsel—brought a NAFTA Arbitration proceeding against the United Mexican States seeking damages arising out of the allegedly improper conduct of PEMEX, the Mexican government-owned petroleum corporation, with respect to the Oro Negro drilling contracts. Respondents made essentially the same allegations in the NAFTA Arbitration that they have made multiple times in the Recycled Complaints they filed in Florida, the New York Bankruptcy Court, and New York state court.

After litigating their claims for six years, on August 19, 2024, the arbitration panel issued a Final Award dismissing the arbitration brought by Quinn Emanuel, Cañedo White, and the Estate of Carlos Williamson Nasi. The decision was recently released to the public. The panel dismissed the case for lack of jurisdiction and ordered Quinn Emanuel's clients to pay Mexico USD $1,192,857.8 representing 75% of the total including arbitrators' fees and expenses, administrative fees, and direct expenses. The Section 1782 Petition contends that Respondent Quinn Emanuel used millions of dollars in funds that the Individual Respondents improperly transferred from Petitioner Oro Negro Drilling's bank accounts, shown in Exhibit B, to fund meritless litigation before the NAFTA arbitral panel and in New York. *See* Section 1782 Petition (DE #1) at 3, 20, 23-24. (Footnotes omitted).

## CONCLUSION

Petitioners respectfully request that the Court grant Petitioners' Motion to Supplement the Record so that the Court can consider the additional evidence provided in support of Petitioners' Ex Parte Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (DE # 1) and Petitioners' Motion for Leave to Take Expedited Discovery and File a Motion to Disqualify (DE #24).

## CERFITICATE OF GOOD FAITH CONFERRAL

Undersigned counsel conferred with David Needham and Daniel Humphrey, counsel for Respondent Quinn Emanuel, on December 13, 2024. At the time, Respondents' counsel agreed to our proposal to withdraw the Notice of Supplemental Authority and to refile the documents as a Motion to Supplement the Record. Respondents' counsel stated that they oppose the Motion to Supplement the Record.

Dated: December 16, 2024

Respectfully submitted,

**FRIDMAN FELS & SOTO, PLLC**
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134

By: */s/ Daniel S. Fridman*
Daniel S. Fridman, Esq.
Fla. Bar No. 176478
Anel Viamontes, Esq.
Fla. Bar No. 1018250

Counsel for Petitioners
**Oro Negro Primus Pte. Ltd.,**
**Oro Negro Laurus Pte. Ltd.,**
**Oro Negro Fortius Pte. Ltd.,**
**Oro Negro Decus Pte. Ltd.,**
**Oro Negro Impetus Pte. Ltd., and**
**Oro Negro Drilling Pte. Ltd.**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on December 16, 2024, I electronically filed the above document with the Clerk of the Court using CM/ECF. I also certify that the document is being served this day on all counsel of record.

*By: /s/ Daniel S. Fridman*
Daniel S. Fridman, Esq.
