**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-21926-Altman/Lett**

IN RE:

**APPLICATION OF
ORO NEGRO PRIMUS PTE. LTD.,
ORO NEGRO LAURUS PTE LTD.,
ORO NEGRO FORTIUS PTE. LT.,
ORO NEGRO DECUS PTE. LTD.,
ORO NEGRO IMPETUS PTE. LTD., and
ORO NEGRO DRILLING PTE. LTD.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782**

    Petitioners.

_____/

**ORDER GRANTING PETITIONERS' MOTION TO CONTINUE BRIEFING
SCHEDULE AND FOR LEAVE TO TAKE EXPEDITED DISCOVERY AND
FILE A MOTION TO DISQUALIFY**

**THIS CAUSE** is before the Court on Petitioners', Oro Negro Primus Pte. Ltd.,

Oro Negro Laurus Pte Ltd., Oro Negro Fortius Pte. Lt., Oro Negro Decus Pte. Ltd.,

Oro Negro Impetus Pte. Ltd., and Oro Negro Drilling Pte. Ltd. ("Petitioners"), Motion

to Continue Briefing Schedule and for Leave to Take Expedited Discovery and File a

Motion to Disqualify ("Motion") [ECF No. 24]. The Honorable Roy K. Altman, United

States District Judge, referred this matter to the undersigned for disposition of all

pre-trial, nondispositive matters [ECF No. 34]. Having carefully reviewed the Motion,

Respondent's opposition to the Motion ("Opposition" or "Opp.") [ECF No. 32], and

Petitioners' reply in support of the Motion [ECF No. 33], the undersigned hereby

**GRANTS** Petitioners' Motion to Continue Briefing Schedule and for Leave to Take Expedited Discovery and File a Motion to Disqualify.

## BACKGROUND

Petitioners seek relief from this Court pursuant to 28, United States Code, Section 1782, requesting an order to take discovery in aid of three (3) criminal proceedings and one (1) bankruptcy proceeding in Mexico (the "Petition") [ECF No. 1]. The Petition requests testimony and document production from six (6) Respondents: Gil White, Canedo White, Williamson Nasi, and Villegas Vagas (collectively, the "Individual Respondents"), Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), and Axis Capital Management, Inc. ("Axis Capital," and together with Individual Respondents and Quinn Emanuel, "Respondents"). *Id.*, Ex. F. On June 18, 2024, the Honorable Roy. K. Altman held a status conference where Petitioners asserted a conflict of interest between Quinn Emanuel and Petitioners. ECF Nos. 17-18. Specifically, Petitioners asserted that Quinn Emanuel represented Petitioners in a 2021 bankruptcy proceeding and now sought to represent itself and the Individual Respondents against the instant Petition. Mot. at 4-6.

In response, the Individual Respondents retained Gelber Schachter & Greenberg, P.A. ("GSGPA") as conflict counsel, and Quinn Emanuel proposed to represent itself. ECF No. 23. Despite the Individual Respondents' retention of separate counsel, Petitioners insist that an "ethical wall" be imposed between GSGPA as conflict counsel to the Individual Respondents on one hand and Quinn Emanuel on the other hand. Mot. at 2. Quinn Emanuel and GSGPA refused Petitioners' ethical

2

wall proposal. *Id*. Respondents further attempted to dispel the conflicts issue by obtaining an ethics opinion authored by former Florida Supreme Court Justice Alan Lawson. ECF No. 23-1. Alan Lawson opined that Quinn Emanuel's self-representation does not violate any ethical rules. *Id*. The opinion did not address whether an ethical barrier needed to be created between GSGPA and Quinn Emanuel, *see generally* ECF No. 23-1, which is the gravamen of Petitioner's instant Motion.  As a result, Petitioners now seek expedited discovery[1] relating to Quinn Emanuel's previous representation as Petitioners' counsel to gather facts necessary to support a motion for disqualification of Quinn Emanuel. Mot. at 2. Petitioners also request to continue the briefing schedule set forth for Petitioners' Ex Parte Application for an Order to Take Discovery Pursuant To 28 U.S.C. § 1782. Mot. at 20.

## **LEGAL STANDARD**

[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). A district court's broad discretion encompasses management of pre-trial activities, including discovery and scheduling. *See Johnson v. Bd. of Regents of Univ.*

---

[1]    Petitioners seek the following: (1) engagement letters with Petitioners, Respondents, and Oro Negro parents, subsidiaries, and affiliates; (2) whether Petitioners are current or former clients; (3) receipts of retainers and payments for legal services, including billing statements describing the work done; (4) ethical analysis and due diligence relating to representing Petitioners; (5) identification of the individual(s) instructing or directing Quinn Emanuel's representation of Petitioners, including communications with such individuals; (6) receipts of information relied on to represent Petitioners in the adversary proceeding, including information received from directors and whether such information is confidential; and (7) communications with other lawyers or law firms relating to Quinn Emanuel's representation of Petitioners, including lawyers in Mexico. Mot. at 3.

*of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Moreover, the Federal Rules of Civil Procedure contemplate district courts expediting discovery where appropriate. *See Mullane v. Almon*, 339 F.R.D. 659, 662 (N.D. Fla. 2021); *see also* Fed. R. Civ. P. 30(a)(2) (authorizing expedited depositions); Fed. R. Civ. P. 33(b)(2) (authorizing expedited responses to interrogatories); Fed R. Civ. P. 34(b)(2) (authorizing expedited responses to requests for production); Fed. R. Civ. P. 36(a)(3) (authorizing expedited responses to requests for admissions).

Expedited discovery allows a party "to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Mullane*, 339 F.R.D. at 663. The party seeking expedited discovery bears the burden of establishing good cause. *Id.*; *see also FTC v. On Point Global, LLC*, No. 19-25046, 2020 WL 32996 (S.D. Fla. Jan. 2, 2020) (Scola, J.) (acknowledging that the Eleventh Circuit has not adopted a standard for allowing expedited discovery, but "many district courts within the Eleventh Circuit have expressly used a general good cause standard when confronted with expedited discovery requests"). "In determining whether good cause exists, the court should weigh the need for quick discovery against the prejudice to the responding party." *FTC*, 2020 WL 32996 at \*1.  Good cause may be established by showing some impelling urgency. *See GE Seaco Services, Ltd. v. Interline Connection, N.V.*, No. 09-23864, 2010 WL 1027408, at \* 1 (S.D. Fla. 2010).

## ANALYSIS

4

Petitioners have demonstrated good cause for seeking expedited discovery. The parties disagree about whether a conflict of interest exists between Quinn Emanuel and Respondents such that Quinn Emanuel should be disqualified from self-representation in this matter. Petitioners insist that they are former clients of Quinn Emanuel where confidences were disclosed, and therefore, Quinn Emanuel's self-representation violates its continuing ethical obligation to Petitioners. Mot. at 10. Petitioners also maintain that, absent an ethical wall between Quinn Emanuel and GSGPA, Quinn Emanuel's conflict of interest may be imputed to GSGPA, which runs the risk of GSGPA being conflicted out the litigation. Mot. at 10.

Petitioners' claimed conflict of interest is more than a mere possibility. Petitioners have submitted evidence showing Quinn Emanuel filed an adversary bankruptcy complaint in the Southern District of New York on behalf of Petitioners, evincing an attorney-client relationship. *See* Mot., Ex. A. Moreover, in a status conference before Judge Altman, Quinn Emanuel conceded that it filed the above-mentioned complaint. Mot. at 5. Because an attorney-client relationship creates an irrefutable presumption that confidences were disclosed during the relationship, without this Court's intervention, Petitioners risk being prejudiced by their confidences being improperly disclosed to GSGPA in this litigation. *See Nealy v. Warner Chappell Music, Inc.*, 741 F. Supp 3d 1257, 1260-61 (S.D. Fla. 2024) (acknowledging that the existence of an attorney client relationship gives rise to an irrefutable presumption that confidences were disclosed). Accordingly, Petitioners'

need for the expedited discovery for use in their forthcoming motion to disqualify Quinn Emanuel is warranted.

Furthermore, as Judge Altman determined during the June 18, 2024 status conference, Quinn Emanuel's potential disqualification is a threshold issue that must be resolved before determining the merits of Petitioners' section 1782 application [ECF No. 1]. Therefore, the requested discovery is needed on an immediate basis to allow this litigation to proceed.

The Court must now weigh Petitioners' need for the expedited discovery against the prejudice to Quinn Emanuel. Petitioners primarily seek documents and testimony relating to Quinn Emanuel's previous representation of Petitioners. Mot. at 14-15; *see also* Mot., Ex. D. For example, Petitioners' discovery request includes, among other things, engagement letters, receipt of retainers, and communications regarding Petitioners' representation. Mot. at 14-15. Quinn Emanuel will not be prejudiced as the requested documents are limited in nature and the deposition topics seek information that should be within Quinn Emanuel's knowledge and immediate possession. Accordingly, good cause is found because Petitioners' need for the expedited discovery outweighs any prejudice to Quinn Emanuel.

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Petitioners' Motion to Continue Briefing Schedule and for Leave to Take Expedited Discovery and File a Motion to Disqualify is **GRANTED**. The Court hereby **ORDERS** that:

(A) Petitioners may serve the subpoena duces tecum in substantially the form as proposed with their Motion as Exhibit D [ECF No. 24-4] within seven (7) days of this Order. Quinn Emanuel shall respond to the requests within thirty (30) days of receiving Petitioners' discovery requests. Quinn Emanuel shall also be required to appear for deposition within fourteen (14) calendar days of providing its discovery responses.

(B) Petitioners shall have twenty (20) calendar days from Quinn Emanuel's deposition to file a motion to disqualify, if it so chooses.

**DONE and ORDERED** in Chambers in Miami, Florida on this 8th day of April, 2025.

*Enjoliqué A. Lett*

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record