UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-CV-21926-ALTMAN/LETT

IN RE:

APPLICATION OF
ORO NEGRO PRIMUS PTE. LTD.,
ORO NEGRO LAURUS PTE. LTD.,
ORO NEGRO FORTIUS PTE. LTD.,
ORO NEGRO DECUS PTE. LTD.,
ORO NEGRO IMPETUS PTE. LTD., and
ORO NEGRO DRILLING PTE. LTD.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

        **Petitioners.**
_____/

## PETITIONERS' RESPONSE IN OPPOSITION TO QUINN EMANUEL'S OBJECTIONS TO ORDER GRANTING EXPEDITED DISCOVERY

Petitioners seek an ethical wall to prevent GSGPA from being tainted by Quinn Emanuel's conflicts as former counsel to the Petitioners. In an e-mail on July 23, 2024, Respondent stated that it would neither concede that Petitioners were a client of Quinn Emanuel nor provide any information about its prior representation without an Order from this Court, writing:

> **Quinn Emanuel has not conceded that Petitioners are a former client of the firm or that there is a conflict**. Respondents other than Quinn Emanuel retained Gelber Schachter & Greenberg (GSG) as conflicts counsel in an abundance of caution and in an effort to address Petitioners' concerns about an alleged conflict. A former Florida Supreme Court Justice assessed this approach and concluded that it is ethically appropriate. . . .
>
> **Furthermore, Quinn Emanuel is not in possession of Petitioners' confidential information as a result of its alleged prior representation.** Thus, the conflicts at issue in *Fund of Funds* are not present here.
>
> **Quinn Emanuel also does not intend to disclose its engagement agreements, which are the subject of a document request on the firm, unless the Court rules in Petitioners' favor on the merits of that request.**

> Respondents submitted their joint notice in a good-faith attempt to resolve Petitioners' concerns. If Petitioners believe that this approach is inadequate, Petitioners should move for the relief they seek. Otherwise, Respondents will proceed under the proposed arrangement and focus on their substantive response to Petitioners' 1782 request.
>
> Regards,
> Quinn Emanuel and Gelber Schachter & Greenberg

E-Mail from David Needham, Counsel for Quinn Emanuel [DE 24-3, at Ex. C] (emphasis added).

As a result of Quinn Emanuel's intransigence, Petitioners were forced to file the Motion for Expedited Discovery seven days later on July 30, 2024. [DE 24]. The discovery sought in the motion focused on five key issues related to Quinn Emanuel's disqualification and the ethical wall: (1) Petitioners' status as current or former clients, (2) the existence and terms of any engagement agreements and identification of those directing the engagement, (3) billing statements for payments received by Quinn Emanuel for legal services, (4) Quinn Emanuel's receipt and possession of Petitioners' confidential information which could be shared with conflicts counsel, and (5) communications with Petitioners' Mexican counsel, whom Respondents wish to use as a joint expert in this case. *Id.* at 1.

### A. QUINN EMANUEL DENIED THE EXISTENCE OF ANY CONFIDENTIAL INFORMATION AND REFUSED TO PROVIDE THE ENGAGEMENT LETTER.

In its Opposition to the Motion for Expedited Discovery, Quinn Emanuel avoided confirming the existence or nonexistence of any engagement agreements with the Petitioners. Resp. Opp. [DE 32, at 18]. It reiterated its unsupported position that it did not obtain any confidential information from the Petitioners to file the March 2021 Adversary Proceeding. Resp. Opp. [DE 32, at 9]. Finally, Quinn Emanuel did not specifically address the request for discovery into communications with Petitioners' Mexican counsel, except to reaffirm that Quinn Emanuel and GSGPA intended to

jointly use Petitioners' counsel in Mexico as their joint Mexican law expert and to falsely claim that Petitioners had conceded Respondents could jointly coordinate to use Petitioners' former counsel as a Mexican law expert. Resp. Opp. [DE 32, at 3, 15-16]. Quinn Emanuel also included challenges to Petitioners' standing, which they did not address in their present Objections and have abandoned. Resp. Opp. [DE 32, at 13]; *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (stating that it is well settled in this circuit that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal.")

### B. MAGISTRATE JUDGE LETT FOUND GOOD CAUSE TO GRANT THE MOTION FOR EXPEDITED DISCOVERY.

On April 8, 2025, Magistrate Judge Lett granted Petitioners' motion for expedited discovery. Order [DE 49]. Judge Lett identified that the "gravamen of Petitioners' instant Motion" was "whether an ethical barrier needed to be created between GSGPA and Quinn Emanuel" after "Quinn Emanuel and GSGPA refused Petitioners' ethical wall proposal." Order [DE 49, at 2-3]. Despite Quinn Emanuel's repeated citation to an ethics opinion it obtained from Alan Lawson, "[t]he opinion did not address whether an ethical barrier needed to be created between GSGPA and Quinn Emanuel." *Id*. at 3. Judge Lett concluded that Petitioners "demonstrated good cause for seeking expedited discovery," finding that "Petitioners' claimed conflict of interest is more than a mere possibility." *Id*. at 5. Judge Lett found that "Petitioners risk being prejudiced by their confidences being improperly disclosed to GSGPA in this litigation." *Id*. (citing *Nealy v. Warner Chappell Music, Inc.*, 741 F. Supp. 3d 1257, 1260-61 (S.D. Fla. 2024)). Finally, Judge Lett concluded that "Quinn Emanuel will not be prejudiced as the requested documents are limited in nature and the deposition topics seek information that should be within Quinn Emanuel's knowledge and immediate possession." *Id*. at 6.

### C.  QUINN EMANUEL'S RULE 72(A) OBJECTION CANNOT BE SUSTAINED ON "EVIDENCE" NEVER PRESENTED TO THE MAGISTRATE JUDGE.

On April 29, 2025, Quinn Emanuel submitted objections to Judge Lett's Order. [DE 55]. Quinn Emanuel attempts to undercut the Magistrate Judge's Order by selectively revealing for the first time that it did not have an engagement letter with the Petitioners—just an "oral agreement"—so now no discovery is needed because it would be a "wast[e] of time and resources." Obj. [DE 55, at 5]. This new information was not provided in any of its papers before. For one year, Quinn Emanuel steadfastly refused to provide its engagement letter with the Petitioners or to even confirm that none existed—until Quinn Emanuel decided a limited disclosure in its Objections could help it avoid Magistrate Judge Lett's discovery order.

Quinn Emanuel wrote in its Objections that, "discovery on those two categories [the showing of an attorney-client relationship] is futile because there are no relevant engagement letters or payments; Quinn Emanuel filed its prior lawsuit on Petitioners' behalf at the direction of their authorized representative in Mexico **under an oral agreement and without payments from Petitioners.**" Obj. [DE 55, at 5] (emphasis added). Although Quinn Emanuel includes a citation to "**Dkt. 32 at 9**" as support for that assertion, the citation is misleading because it implies that Quinn Emanuel had previously disclosed in its papers to Judge Lett and the Petitioners that it had no written engagement letter. In fact, that citation only refers to Quinn Emanuel's unsupported assertion that the Adversary Proceeding was filed "at the direction of Petitioners' authorized representative in Mexico"—it makes no mention about an oral engagement agreement. Since Quinn Emanuel had not previously presented that information to Judge Lett, it cannot serve as a basis to overturn her Order and deprive the Petitioners of the opportunity to inquire further about the terms of the alleged oral engagement agreement. *See Maale v. Kirchgessner*, No. 08-080131-CIV-

–4–

DIMITROULEAS, 2010 U.S. Dist. LEXIS 151774, at *10-11 (S.D. Fla. Apr. 27, 2010) (declining to consider defendants' "new arguments raised for the first time" in their objections to the magistrate's order and finding that the magistrate order was "not clearly erroneous or contrary to law."); *Cincinnati Ins. Co. v. Cochran*, No. 5:05-cv-93-RV-MD, 2005 U.S. Dist. LEXIS 44806, at*18 (N.D. Fla. Sep. 22, 2005) ("Under the clearly erroneous standard, it is inappropriate to consider evidence not presented to the magistrate judge."); *State Farm Mutual Automobile Insurance Co. v. CPT Medical Services, P.C.*, 375 F. Supp. 2d 141, 158 (E.D.N.Y. 2005) (The "Defendants have not cited any case, and the Court has not found one, in which Rule 72(a) objections are sustained based on evidence not presented to the magistrate judge."); *Oleksy v. GE*, No. 06-C-1245, 2013 U.S. Dist. LEXIS 107638, at *29-30 9N.D. Ill. July 31, 2013) ("When a district court reviews objections to a magistrate's decision on a nondispositive matter, such as a discovery dispute, it may not consider evidence that was not presented to the magistrate judge.")].

It should concern the Court that it was only when Quinn Emanuel was faced with a subpoena for documents and testimony that it provided a limited answer to one of the many basic questions Petitioners have been asking since the first status conference in this case on June 18, 2024. *See* Transcript [DE 24-2 at 10, 15-16] ("Mr. Fridman: "So I did ask Quinn Emanuel—this is another important question—do you consider us to be former clients or do you still consider us to be current clients? **So to that end, I asked for our engagement letter for our clients from that New York case that they filed on behalf of our clients. . . .We're waiting for answers from Quinn on the engagement letter, current or former client. . . And then we'll decide what steps to take**."). Quinn Emanuel's year-long delay and obstruction in providing basic information <u>to its own former</u>

clients is bad faith, potentially sanctionable, and reason enough to permit the Petitioners to proceed with the discovery ordered by the Magistrate Judge.

### D. QUINN EMANUEL CANNOT SHOW THAT THE MAGISTRATE JUDGE'S ORDER WAS CLEARLY ERRONEOUS.

Quinn Emanuel relies on just one argument to support its request for reversal. Quinn Emanuel argues that "Judge Lett committed clear error by overlooking that Petitioners' expressed need for the discovery was already met" and that "Petitioners already have the information they sought in their motion." Obj. [DE 55, at 5-6]. Petitioners showed in the section above that Quinn Emanuel relies, in part, on new, limited information it provided for the first time in its Objections to support its position that Petitioners "have the information" sought in their motion. Quinn Emanuel's second argument relies on conflating and misstating the law on the imputation of confidential information to co-counsel versus the irrefutable presumption that applies to counsel. On the one hand, Quinn Emanuel does not contest the Magistrate Judge's conclusion as a matter of law that Quinn Emanuel is subject to an irrefutable presumption that it obtained Petitioners' confidential information as their counsel, but on the other hand, Quinn Emanuel continues to maintain that conflict counsel will not be tainted because neither Quinn Emanuel nor the Mexican law expert they propose to use has any of Petitioners' confidential information. We untangle Quinn Emanuel's contradictory position and misstatement of the law in this section.

Quinn Emanuel bears a high burden to demonstrate sufficient grounds for the reversal of the Order. "A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a)). "An order is clearly erroneous if 'the reviewing court, after assessing the evidence in its entirety, is

left with a definite and firm conviction that a mistake has been committed.'" *Cornelius v. Rollins Ranches, LLC*, No. 20-14464-civ-Marra/Maynard, 2021 U.S. Dist. LEXIS 264281, at *4 (S.D. Fla. Dec. 17, 2021) (quoting *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997)); *see also United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining generally "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Merkin*, 283 F.R.D. at 700 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

"Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (finding "no error in the district court's discovery decisions"). "Accordingly, a district court's discovery ruling will not be set aside unless the court has made a clear error of judgment or has applied the wrong legal standard. Even then, relief will not be granted unless the appealing party has shown that the denial of discovery resulted in substantial harm to his case." *Companhia Energetica Potiguar v. Caterpillar Inc.*, 307 F.R.D. 620, 626 (S. D. Fla. 2015) (citing *Josendis*, 662 F.3d at 1307; *see also O'Bryan v. Joe Taylor Rest.*, No. 9:20-cv-80993-WPD, 2021 U.S. Dist. LEXIS 97228, at *3 (S.D. Fla. Apr. 19, 2021) (overruling defendants' objections because it did "not find any legal errors or abuse of discretion underlying" the magistrate judge's decision on plaintiff's motion to compel discovery responses).

Although Quinn Emanuel does not challenge Judge Lett's opinion that "an attorney-client relationship creates an irrefutable presumption that confidences were disclosed during the relationship," Order [DE 49, at 5], Quinn Emanuel continues to raise a disputed issue of fact by arguing in its Objections that the 2021 Adversary Proceeding it filed on behalf of the Petitioners "did not involve Petitioners' confidential information;" therefore, there is "no risk of Quinn Emanuel providing Gelber Schachter with material confidential information about Petitioners." Obj. [DE 55, at 6-7]. As a result of Quinn Emanuel's continuing argument against an ethical wall, Petitioners' discovery requests relating to confidential information remain necessary and relevant. *See* Order [DE 49, at 3, n. 1] (noting that Petitioners discovery requests include, "(5) identification of the individual(s) instructing or directing Quinn Emanuel's representation of the Petitioners, including communications with such individuals; (6) receipts of information relied on to represent the Petitioners in the adversary proceeding, including information received from directors and whether such information is confidential."). While the irrefutable presumption that confidential information was shared attaches to disqualify Quinn Emanuel as Petitioners' prior counsel, the irrefutable presumption does not necessarily attach to conflicts counsel working with prior counsel. That issue remains Petitioners' burden to prove.

Quinn Emanuel argued these points extensively in its Opposition to Petitioners' Motion for Expedited Discovery, writing, "**Petitioners do not identify any supposed information in any filing by Quinn Emanuel in the relevant prior litigation that was based on confidential information. That is because no such confidential information exists. Even if there were, such information would not automatically be imputed to co-counsel and does not warrant disqualification here.**" Opp. [DE 32, at 15]. Presumably, Quinn Emanuel would raise these same

–8–

arguments in opposing a disqualification motion from the Petitioners. Since Quinn Emanuel continues to maintain there is no confidential information to warrant an ethical wall, Petitioners still bear the additional factual burden of showing that conflicts counsel may receive confidential information and be tainted by Quinn Emanuel's own now-admitted ethical conflicts. *See Chammami v. Acropolis Mediterranean Food Inc.*, No. 8:19-cv-01459-T-36SPF, 2020 U.S. Dist. LEXIS 262840, at *26 (M.D. Fla. Aug. 18, 2020) (denying motion to disqualify co-counsel where co-counsel denied that attorney divulged defendants' confidences to him and defendants had presented no evidence to the contrary because "[t]hat individual attorneys at separate firms are working together does not warrant disqualification if there is only a small risk of confidential information being exchanged").

Accordingly, by continuing to oppose the ethical wall and insisting there is no confidential information to be shared with conflicts counsel at GSGPA, Quinn Emanuel's Objections are self-defeating. They show that Judge Lett's discovery order is well within the Court's discretion. In fact, to deny Petitioners the opportunity to build the factual record to contest Quinn Emanuel's unsupported assertions about the non-existence of confidential information would itself be clearly erroneous. *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-WWB-EJK, 2024 U.S. Dist. LEXIS 224560, at *8-9 (M.D. Fla. Feb. 13, 2024) (setting aside magistrate's order denying discovery and recognizing that requiring defendant to produce additional discovery was potentially burdensome but simultaneously acknowledging that plaintiff was entitled to same).

### E. DISCOVERY IS STILL NEEDED FOR PETITIONERS TO PREPARE A MOTION FOR DISQUALIFICATION AND FOR AN ETHICAL WALL.

Given Quinn Emanuel's continued insistence that it has no confidential information from the Petitioners—despite having filed highly-detailed, 66-page, 325-allegation in their name—

Petitioners still need the discovery ordered by the Magistrate Judge to show that co-counsel could become tainted by Quinn Emanuel's conflicts from receiving this confidential information. Not addressed directly by Quinn Emanuel is the additional risk of confidential information flowing from Petitioners' Mexican counsel, who Quinn Emanuel and GSGPA propose to use as a joint expert in this case.

Quinn Emanuel buried in the last sentence of its Objections a critical aspect of how it intends to put GSGPA at great risk for disqualification. Quinn Emanuel and GSGPA wish to jointly use a Mexican law expert who acted as counsel—and still purports to act as counsel—to the Petitioners in the ongoing Mexican bankruptcy proceedings. Quinn Emanuel wrote in its Objections that it is open to a wall that "allows counsel to coordinate jointly with Mexican experts." Obj. [DE 55, at 8]. In its Reply in Support of the Motion for Expedited Discovery, Petitioners addressed this issue directly, writing, "Quinn Emanuel also proposes to jointly rely on a Mexican law expert, the Guerra law firm, which presently purports to represent the Petitioners in Mexico. It 'appears illogical to assume the two firms' would not exchange confidential information under those circumstances." Reply [DE 33, at 4].

Judge Lett noted that Petitioners discovery requests include, "(7) communications with other lawyers or law firms relating to Quinn Emanuel's representation of the Petitioners, including lawyers in Mexico." *See* Order [DE 49, at 3, n. 1]. This request remains relevant considering Quinn Emanuel's stated intent in the last sentence of its Objections to jointly use a Mexican law expert with GSGPA. This risks either directly using Petitioners' confidential information from Mexican counsel's representation of the Petitioners or having Mexican counsel serve as a conduit for such information to be shared. Accordingly, the discovery requested about communications with lawyers

in Mexico that Petitioners requested, and that Judge Lett permitted, remains relevant and necessary for the Petitioners to show that an ethical wall should be imposed.

In addition, Quinn Emanuel's Objections raise additional questions that need to be addressed through the discovery ordered by the Magistrate Judge. For example, it is hard to believe that a sophisticated, global firm like Quinn Emanuel which used extensive, detailed engagement letters with the Petitioners' corporate affiliates, Perforadora Oro Negro and Integradora Oro Negro [DE 24-5][1], simply forgot to obtain an engagement letter from the six Petitioner corporate entities in the middle of hotly contested litigation where control over those companies was the central issue. This is particularly true when at this same time Quinn Emanuel accepted over $8 million traceable back to Petitioner Oro Negro Drilling Pte., Ltd.—something Quinn Emanuel denies without support in its Objections, and Petitioners should be permitted to test through document production and depositions. Obj. [DE 55, at 5]. Quinn Emanuel's claim that it filed the 66-page Adversary Proceeding "without payment" strains credibility and Petitioners cannot simply take Quinn Emanuel's word for it. *Id*. at 5.

Some examples of the additional important questions Petitioners must be permitted to explore in discovery include:

- What were the terms of the newly-disclosed oral engagement agreement?
- Who was the alleged "authorized representative" of the Petitioners that consented to the representation by Quinn Emanuel?
- Why wasn't Quinn Emanuel able to obtain a written, signed engagement letter from the Petitioners as it did from Perforadora and Integradora?

---

[1] *See* Exhibit E to Pets' Mot. To Continue Briefing Scheduling and for Expedited Discovery ("Pets' Motion").

- What information did Quinn Emanuel receive to file a highly-detailed, 66-page, 325-allegation complaint on Petitioners' behalf in a New York bankruptcy case? *See* Exhibit A to Pets' Mot. [DE 24-1].
- What documents did Quinn Emanuel collect from the "authorized representative" and from Petitioners' officers, directors, and employees?
- What counsel did Quinn Emanuel work with in Mexico on behalf of the Petitioners and what were the communications and confidential information shared with Petitioners' Mexican counsel?

All these questions are in addition to the information requested in the subpoena for documents and testimony, (Served Subpoena [DE 52-1]), which were found reasonable and relevant by Magistrate Judge Lett. Order [DE 49, at 6]. Petitioners cannot simply rely on whatever limited information Quinn Emanuel decides to trickle out in a Court filing when it is expedient; Quinn Emanuel has demonstrated through its conduct why Petitioners must be permitted to conduct the discovery ordered by the Magistrate Judge.

## CONCLUSION

Respondent Quinn Emanuel has failed to show that Magistrate Judge Lett's Order was clearly erroneous or contrary to the law. In fact, Quinn Emanuel's own Objections raised more questions than it answered and took a legal and factual position—that it has no confidential information from the Petitioners that counsel be shared with conflicts counsel—which supports the continued necessity of the discovery ordered by the Magistrate Judge. In a last-ditch effort to try to avoid the discovery, Quinn Emanuel now suggests that it "is open to a form of a wall," while maintaining it is not legally required. Obj. [DE 55, at 6]. As Petitioners outlined in their prior papers, Petitioners bent over backward to try to negotiate an ethical wall with Quinn Emanuel and GSGPA and a mechanism by which they might be able to use a non-conflicted joint Mexican law expert. *See* Pet.

Reply. [DE 33-4, at Ex. D]. Petitioners made reasonable proposals on an ethical wall to avoid a nearly year-long delay in this case and Respondents refused. *See* Pet. Mot. For Exp. Disc. [DE 24, at 7-8]; Ex. C [DE 24-3]; Order [DE 49, at 2-3].

The Court can read the communications between counsel, including GSGPA's final position on behalf of the Individual Respondents abandoning the ethical wall negotiations on September 13, 2024, writing, "Even though we don't believe a stipulation is necessary under these circumstances, we have made an effort to draft something consistent with our discussions. But after going through that exercise, we do not believe the conditions we discussed are workable or appropriate." Quinn Emanuel's new claim to be open to an ethical wall rings hollow since it comes only after abandoning previous efforts to work it out and then receiving the Magistrate Judge's Order. Quinn Emanuel's new semi-conciliary tone contrasts with its position last July that it would not disclose engagement agreements or any information "**unless the Court rules in Petitioners' favor on the merits of that request.**" [DE 24-3, at Ex. C]. Petitioners were forced to "waste time and resources" seeking and obtaining the Order that Quinn Emanuel required Petitioners to get. The Court has ruled. The ruling is sound and consistent with the facts and the law. Accordingly, Petitioners respectfully request that the Court overrule Quinn Emanuel's Objections and affirm the Order granting Petitioners expedited discovery from their former counsel so that discovery can proceed expeditiously and this case can move ahead toward a final decision on the merits.

Dated: May 20, 2025

Respectfully submitted,

**FRIDMAN FELS & SOTO, PLLC**
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Tel: 305-569-7720

By: */s/ Daniel S. Fridman*
Daniel S. Fridman, Esq.
Fla. Bar No. 176478
daniel.fridman@ffslawfirm.com
vpantin@ffslawfirm.com

Anel Viamontes, Esq.
Fla. Bar No. 1018250
aviamontes@ffslawfirm.com

Counsel for Petitioners
**Oro Negro Primus Pte. Ltd.,**
**Oro Negro Laurus Pte. Ltd.,**
**Oro Negro Fortius Pte. Ltd.,**
**Oro Negro Decus Pte. Ltd.,**
**Oro Negro Impetus Pte. Ltd., and**
**Oro Negro Drilling Pte. Ltd.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2025, I electronically filed the above document with the Clerk of the Court using CM/ECF. I also certify that the document is being served this day on all counsel of record.

By: */s/ Daniel S. Fridman*
Daniel S. Fridman, Esq.