UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:24-cv-21926-ALTMAN/Lett

IN RE:

APPLICATION OF
ORO NEGRO PRIMUS PTE. LTD.,
ORO NEGRO LAURUS PTE. LTD.,
ORO NEGRO FORTIUS PTE. LTD.,
ORO NEGRO DECUS PTE. LTD.,
ORO NEGRO IMPETUS PTE. LTD., and
ORO NEGRO DRILLING PTE. LTD.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

    *Petitioners*.
_____/

**RESPONDENT QUINN EMANUEL'S SEPARATE BRIEF
IN SUPPORT OF THE MOTION TO DENY PETITIONERS'
APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782**[1]

---

[1] The parties jointly stipulated that Respondent Quinn Emanuel and the Individual Respondents would separately brief the first and fourth *Intel* factors in response to Petitioners' Application for § 1782 discovery, which the Court ordered.  Dkt. 69 ¶18; Dkt. 70.

A. **_Intel_ Factor 1: The Evidence Is Within the Jurisdiction or Reach of the Mexican Prosecutor and Bankruptcy Court, So There Is No Need for § 1782 Discovery**

Under the first *Intel* factor, "when the person from whom discovery is sought is a participant in the foreign proceeding … the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad," given that "a foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Courts ultimately take a functional approach on this first *Intel* factor, considering "whether the requested discovery is within the foreign tribunal's jurisdictional reach and thus accessible without § 1782 aid." *Gorsoan Ltd. v. Bullock*, 652 F. App'x 7, 9 (2d Cir. 2016). Instead, for this factor Petitioners focus on the Individual Respondents' absence from Mexico,[2] which they argue make them nonparticipants from whom evidence cannot be obtained. But this argument misunderstands the purpose behind the first *Intel* factor and its corresponding functional approach. *See, e.g.*, *In re Request for Judicial Assistance from Dist. Court in Svitavy, Czech Rep.*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) ("the true question [for *Intel*'s first factor] is whether the requested discovery is available to the foreign tribunal without the assistance of this Court"); *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) ("The relevant inquiry is whether the evidence is available to the foreign tribunal"). Rather, the critical inquiry focuses on whether the foreign tribunal has the "ability to control the evidence sought and order production, not whether the tribunal has control over the" targeted party. *In re Saul Klein*, 2023 WL 8827847, at *10 (S.D.N.Y. Dec. 21, 2023). In short, courts have moved beyond the formalistic participant analysis to focus on functional availability of evidence, asking whether the foreign tribunal is "able to exert more control" over the requested evidence. *In re App. of FG Wilson (Eng'g) Ltd.*, 2011 WL 1114311, at *3 (S.D. Fla. Jan. 4, 2011), *R&R adopted*, 2011 WL 1115359 (S.D. Fla. Mar. 24, 2011).

   1. **There Is No Need for § 1782 Discovery for the Criminal Investigation Because It Is Available Through the MLAT**

Applying this functional test, the Mexican prosecutor possesses clear authority to obtain all the evidence Petitioners seek through the Mutual Legal Assistance Treaty: "if the evidence is in the United States, prosecutors [in Mexico] are directed to use the procedures set forth in the

---

[2] Petitioners fail to mention, however, the individual Respondents' absence from Mexico is due to the underlying corruption which was the genesis of the Mexican criminal complaints and is endemic in the Mexican criminal process initiated against them. Castro Decl. ¶¶39-41.

Mutual Legal Assistance Treaty Between the United States and Mexico." Castro Decl. ¶27. The MLAT provides comprehensive authority: "such assistance [shall] include: a) the taking of testimony or statements of persons; b) the provision of documents, records and evidence." *Id.* ¶28 (citing MLAT art. 1 ¶4(a)-(b)). Moreover, the treaty's compulsory power extends broadly to the United States. *Id.* (citing MLAT art. 7 ¶1).

The prosecutor's authority under the MLAT directly encompasses the discovery Petitioners request. Their demands for financial transfer documentation (*See* Dkt. 1-4 ¶81(b), (h), (i)) fall within the MLAT's documentary evidence provision. Castro Decl. ¶28. Their requests for communications and testimony concerning alleged misconduct (¶81(d), (e)) are covered by the MLAT's testimony and document provisions. *Id.* Even their demands for Quinn Emanuel and Axis Capital records (¶81(f), (o)) are subject to the MLAT's process for U.S. entities. *Id.*

Where such treaty discovery mechanisms exist, the need for § 1782 discovery is substantially diminished. For example, confronting similar circumstances involving a Mexican criminal investigation, the court in *CFE International LLC v. Denham Capital Management LP*, 2023 WL 2988745, at *7 (D. Mass. Mar. 6, 2023) noted that "Mexican prosecutors and law enforcement are directed to use MLAT procedures and other diplomatic means to collect evidence for their case as it preserves the custody and control of the evidence." *Id.* Accordingly, the *CFE* court concluded that, "the rationale for the first factor, i.e., the need for foreign discovery that would otherwise be unavailable, is lessened here." *Id.* The same logic governs here: Petitioners seek through § 1782 precisely the evidence the Mexican prosecutor could obtain through official diplomatic channels. Section 1782 aid is thus unnecessary.

### 2. There Is No Need for § 1782 Discovery for the Mexican Bankruptcy

The functional jurisdictional reach analysis demonstrates that the Mexican bankruptcy court similarly possesses authority to obtain the discovery Petitioners seek. Indeed, Quinn Emanuel already produced over 27,000 documents to Petitioners and Oro Negro's bankruptcy trustee Badin on January 26, 2022. The trustee also received all of the company's documents on liquidation. Flores Decl. ¶84. And as already noted, Petitioners' demonstrated access to documents, including Quinn Emanuel's billing records (Dkt. 43-3), establishes that substantial requested discovery has already been obtained through proper Mexican proceedings.

The Mexican bankruptcy court has repeatedly demonstrated its authority to compel additional document production. As the Flores Declaration confirms, "under Articles 1, 4(II), and

2

7 of the LCM, Nordic Trustee and Drilling can request the *Concurso* Court to order the documents and testimony Petitioners seek to be produced in the *concurso* proceeding." Flores Decl. ¶84. The court has exercised this authority in practice, granting an Information Petition on June 29, 2023, and ordering the trustee to produce documents, which the trustee completed in July 2023. *Id.* ¶87.

When the trustee later sought to compel production from Quinn Emanuel, rather than finding it lacked jurisdiction, the Concurso Court "ruled that the trustee has all the powers to obtain the Debtors' information" and rejected the petition only because the trustee failed to demonstrate he was "unable to obtain the Debtors' documents" or that "Quinn Emanuel refused to produce the requested information." *Id.* ¶89. This ruling confirms both the court's jurisdiction and availability of procedures for obtaining necessary documents.

The principle that courts should deny § 1782 discovery where foreign entities continue to exist and maintain records within the foreign tribunal's jurisdiction governs here. Courts consistently apply this principle where the applicant seeks documents from U.S. entities that serve as repositories for foreign parties' records. *In re Inmobiliaria Tova, S.A.*, 2021 WL 925517, at *10 (S.D. Fla. Mar. 10, 2021) (denying discovery where Venezuelan subsidiary existed with documents subject to a Venezuelan court); *see also Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 58-59 (2d Cir. 2024). Here, Oro Negro's Mexican entities continue as parties in the bankruptcy proceeding under the trustee's administration, and the Mexican court has clear jurisdiction to compel document production as demonstrated by its orders recognizing the trustee's authority.

Thus, for both the Mexican bankruptcy proceeding and criminal investigation, the principle that applicants cannot use § 1782 to avoid seeking discovery directly from parties to foreign proceedings applies, particularly where, as here, "most of the requests [are] obtainable from a party to the foreign proceeding." *In re Oasis Focus Fund LP*, 2022 WL 17669119, at *9 (S.D. Cal. Dec. 14, 2022). Indeed, Petitioners here seek to do precisely what is prohibited: they target Quinn Emanuel and Axis Capital as U.S.-based repositories for Oro Negro entities' documents as an "end run" around available Mexican sources and legal channels. *Klein*, 2023 WL 8827847, at *10-11.

Accordingly, the information sought by Petitioners here is within the jurisdictional reach of both the Mexican bankruptcy proceeding and criminal investigation, rendering § 1782 aid unnecessary. The first *Intel* factor therefore weighs strongly against granting § 1782 discovery.

### B. *Intel* Factor 4: Petitioners' Requested Discovery Is Unduly Intrusive or Burdensome

The fourth *Intel* factor also weighs heavily against § 1782 discovery, as Petitioner's discovery requests are "unduly burdensome or intrusive" in that they are wildly overbroad in subject matter and time period, as well as disproportionate. 542 U.S. at 265.

Petitioners' requests are facially overbroad and disproportionate to their stated purposes, constituting an obvious fishing expedition. For example, Petitioners' subpoena requests "all documents and communications collected by Quinn Emanuel during its representation of" Respondents' related entities over a 12-year period. Dkt. 1-8. From the individual Respondents, Petitioners seek "all documents and communications relating to Perforadora and/or Integradora" – also for a 12-year period, and *far* beyond the scope of Petitioners' financial information. *Id.*

The sheer breadth of the discovery sought—seeking nearly every document over a 12-year period—in conjunction with Petitioners' failure to meet § 1782's statutory requirements and the other discretionary *Intel* factors, is sufficient to deny § 1782 discovery. *See, e.g.*, *In re Jagodzinski*, 2019 WL 1112389, at *8 (S.D. Fla. Jan. 15, 2019), *R&R adopted*, 2019 WL 2255564 (S.D. Fla. Apr. 8, 2019) ("the overreaching nature of the requests" supports denying the application).

Petitioners' subpoenas are also unduly burdensome over their requested timeframes—frequently seeking *nearly 12-years' worth* of documents. In *Al-Ghanim v. IAP Worldwide, Services, Inc.*, 2012 WL 13102517, at *11 (M.D. Fla. Jan. 18, 2012), the court held "the temporal scope of the demands (covering nine years) is too broad" and concluded this excessive scope—in combination with other *Intel* factors weighing against discovery—warranted denying the request.

The broad subject matter and timeframe of the request evidence an obvious fishing expedition. Indeed, the Eleventh Circuit "expect[s] the district court to carefully examine" § 1782 requests [and] deny the request when it suspects that the request is a fishing expedition or a vehicle for harassment." *In re Kivisto*, 521 F. App'x 886, 889 (11th Cir. 2013) (quoting *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988)). Furthermore, Petitioners' requests would "effectively open [Quinn Emanuel and the Individual Respondents'] books based on little more than allegations of potential wrongdoing by a self-interested party in relation to past business dealings [some of which] are not even alleged to be under investigation in Mexico." *See CFE Int'l LLC v. Antaeus Grp. LLC*, 2022 WL 17731821, at *9 (W.D. Tex. Aug. 26, 2022), *R&R adopted*, 2022 WL 19569581 (W.D. Tex. Dec. 6, 2022) (denying discovery where Court refused to "'trim' the requests to something more reasonable").

4

And as discussed above, Petitioners have already obtained this discovery via another source (the 27,000 documents produced to the bankruptcy trustee in 2022 and all the company's documents he received on liquidation in 2019) and could do so again.

Nor are all the documents Petitioners seek relevant to the purposes they claim to be for. As one example, Petitioners seek discovery from Quinn Emanuel concerning prior experts, Black Cube, and U.S. government presentations. Dkt. 1-8. In another example, Oro Negro already disclosed the 2014 and 2015 transfers to the bondholders in 2016 as part of a full audit, and the bondholders signed a release agreement stating that they would not bring any claims related to those transfers (*Gil v. Asia Research*, 655852/2023 (N.Y. Supr.)). In any event, Respondents Cañedo and Williamson were non-executive directors who *did not participate* in the management of Oro Negro, so they did not approve any transfers. Indeed, Williamson is deceased and his family has no documents.

A request that appears only marginally relevant to the foreign proceeding may suggest that the application is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, which would be grounds for a discretionary denial of discovery. *See Mees v. Buiter*, 793 F.3d 291, 299 n.10 (2d Cir 2015); *see also Kivisto*, 521 F. App'x 886, 888 (11th Cir. 2013) (observing district courts "may consider whether the application" is "unduly intrusive", "burdensome", "in bad faith", "for the purpose of harassment," or "part of a 'fishing expedition'"). Just so here. Petitioners cannot convert a § 1782 into a blanket request for files from counsel (or unrelated individuals) in aid of some hypothetical future action, without regard to relevance in the current foreign proceeding. *See Kang v. Noro-Moseley Partners*, 246 F. App'x 662, 664 (11th Cir. 2007) (affirming quash of a § 1782 subpoena where the requested discovery was irrelevant); *see also In re Application of the Gov't of Lao People's Democratic Rep.*, 2016 WL 1389764, at *7-9 (D. N. Mar. Is. Apr. 7, 2016) (quashing § 1782 subpoena in part due to indicia of applicant's ulterior motive); *Lazaridis v. Int'l Ctr. for Missing & Exploited Child., Inc.*, 760 F. Supp. 2d 109, 215 (D.D.C. 2011) (denying § 1782 discovery where applicant's "wide-ranging request suggests that [he] is seeking information more for his general use"—not to aid foreign tribunal).

5

Dated: September 2, 2025

Respectfully submitted,

/s/ John F. O'Sullivan
John F. O'Sullivan (Fla. Bar No. 143154)
Daniel L. Humphrey (Fla. Bar No. 1024695)
Quinn Emanuel Urquhart & Sullivan, LLP
2601 S. Bayshore Dr., Suite 1550
Miami, FL 33133
Telephone:  (786) 850-3629
johnosullivan@quinnemanuel.com
danielhumphrey@quinnemanuel.com

David H. Needham (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
davidneedham@quinnemanuel.com

*Counsel for Respondent Quinn Emanuel Urquhart & Sullivan, LLP*